# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

AIR FORCE OFFICER, on behalf of herself
and all others similarly situated,

    Plaintiff-Appellee,

    v.

LLOYD AUSTIN, III, individually and in his
official capacity as Secretary of Defense, et al.,

    Defendants-Appellants.

No. 22-11200

**PARTIALLY OPPOSED MOTION TO DISMISS APPEAL AS MOOT**

# AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for defendants-appellants certify that the following persons have an interest in the outcome of this appeal.

Abernethy, Kevin D.

Air Force Engineer

Air Force NCO

Air Force Officer

Air Force Special Agent

Austin, III, Lloyd J.

Avallone, Zachary A.

Bernard & Johnson, LLC

Boynton, Brian M.

Burton, Jessica Swords

Butts, Talmadge

Carmichael, Andrew E.

Carroll, Sarah

Clark, Sarah J.

Coppolino, Anthony J.

Crampton, Stephen M.

Dover, Marleigh D.

Eidsmoe, John

Enlow, Courtney D.

Foundation for Moral Law

Grantham, Jr., Roger

Haas, Alexander K.

Harrington, Sarah E.

Hirsh Law Office, LLC

Hirsh, Michael Ross

Hochschild, Adam

Hodes, Mary Catherine

Johnson, Jordan Alex

Jonna, Paul Michael

Kendall, III, Frank

Leary, Peter Decklin

McHale, Michael

Merritt, R. Charles

Miller, Robert I.

Powell, Amy E.

Ross, Casen B.

Scarborough, Charles W.

Self, III, Hon. Tilman E.

Simon, Lance

Snyder, Cassie

Sturgill Jr., Lowell V.

Thomas More Society

Winik, Daniel

Counsel for defendants-appellants further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Dated: February 26, 2024         /s/ *Sarah J. Clark*
                                 Sarah J. Clark

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| AIR FORCE OFFICER, on behalf of herself and all others similarly situated,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LLOYD AUSTIN, III, individually and in his official capacity as Secretary of Defense, et al.,<br><br>Defendants-Appellants. | No. 22-11200 |

**PARTIALLY OPPOSED MOTION TO DISMISS APPEAL AS MOOT**

Pursuant to Federal Rules of Appellate Procedure 27 and 42 and Eleventh Circuit Rules 27-1 and 42-1, the government respectfully requests that the Court dismiss this appeal as moot and direct the district court to vacate its preliminary injunction under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). Plaintiff partially opposes the requested relief.

1. In August 2021, the Secretary of Defense required that members of the armed forces be vaccinated against COVID-19 unless they received an exemption. Plaintiff is an officer in the Air Force Reserve who objected to the COVID-19 vaccine requirement on religious grounds. After her request for a religious exemption was denied, she brought claims for prospective relief under the Religious Freedom Restoration Act, the First Amendment, and the Administrative Procedure Act. On February 14, 2022, the

1

district court issued a preliminary injunction barring defendants from enforcing the COVID-19 vaccination requirement against plaintiff and preventing defendants from taking adverse action against her on the basis of this lawsuit or her request for religious accommodation. The government appealed the preliminary injunction.

2. Shortly after the government filed its opening brief in this case, a district court in Ohio certified a class of Air Force members who had submitted religious exemption requests and preliminarily enjoined the military from enforcing the COVID-19 vaccination requirement against the class. *See Doster v. Kendall*, No. 1:22-cv-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022). Because plaintiff was covered by the class-wide preliminary relief in *Doster*, plaintiff moved to hold this appeal in abeyance. This Court granted the motion, stating that plaintiff's response brief would be "due thirty (30) days pending final judgment after exhaustion of all appeal rights as to class-wide relief in *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio)." Order, No. 22-11200 (Aug. 24, 2022).

3. Meanwhile, the government appealed the individual and class-wide preliminary injunctions in *Doster*. The Sixth Circuit affirmed the preliminary injunctions. *Doster v. Kendall*, 54 F.4th 398, 406 (6th Cir. 2022). Congress then directed the Secretary of Defense to rescind the military's COVID-19 vaccination requirement, and the Secretary of Defense did so. *See* Dep't of Def. Memorandum (Jan. 10, 2023), https://perma.cc/L9L2-PF6F; National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, 136 Stat. 2395 (2022).

4. Following the rescission of the requirement, the government filed a petition for certiorari in *Doster*, arguing that the Supreme Court should vacate the Sixth Circuit's decision and remand with instructions to direct the district court to vacate its preliminary injunctions as moot under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). The Supreme Court granted the petition on December 11, 2023 and ordered the requested relief. *Kendall v. Doster*, No. 23-154, 2023 WL 8531840, at *1 (U.S. Dec. 11, 2023). On January 17, 2024, the Sixth Circuit vacated its decision and remanded to the district court. Judgment, *Doster v. Kendall*, Nos. 22-3497, 3702 (6th Cir. Jan. 17, 2024). The district court then vacated its preliminary injunctions as moot. *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio Jan. 18, 2024), ECF No. 123. At the district court's direction, the parties then filed supplemental briefing on mootness on February 9, 2024.

5. The present appeal is moot as well. Plaintiff challenged the military's COVID-19 vaccination requirement. That requirement was rescinded over a year ago. As a result, there is no longer any effectual relief available to plaintiff. While the requirement was in force, plaintiff was shielded from its effect by the preliminary injunction in this case and the class-wide preliminary injunction in *Doster*. Now, there is no requirement from which to protect plaintiff. This Court's review of the preliminary injunction at issue in this appeal would therefore have no real-world effect on the parties.

6. Consistent with the Supreme Court's decision in *Doster*, numerous other courts of appeals have concluded that similar appeals are moot. *See U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 669 (5th Cir. 2023); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir.

2023); *Robert v. Austin*, 72 F.4th 1160, 1162 (10th Cir. 2023), *cert. denied*, 2024 WL 72062; *Alvarado v. Austin*, No. 23-1419, 2023 WL 7125168, at *1 (4th Cir. Aug. 3, 2023); *Navy SEAL 1 v. Austin*, Nos. 22-5114, 22-5135, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023), *cert. denied*, 144 S. Ct. 97; *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023); *cf. Chief Warrant Officer 4 v. Austin*, No. 22-13522, 2023 WL 7149153, at *1 (11th Cir. May 12, 2023) (granting motion to remand after district court issued indicative ruling stating that it would dissolve the preliminary injunctions and dismiss the cases as moot once the case was remanded); Order, *Captain v. Austin*, No. 22-12029 (11th Cir. May 12, 2023) (same); Order, *Navy SEAL 1 v. Austin*, No. 22-10645 (11th Cir. May 9, 2023) (same).

7. The government further requests that the Court direct the district court to vacate its preliminary injunction decision as moot under *Munsingwear*, as the Supreme Court did in *Doster* and as a number of other courts have done in this context and in the context of other former vaccination requirements. *See, e.g.*, *Doster*, No. 23-154, 2023 WL 8531840, at *1 (vacating Sixth Circuit's judgment and remanding with instructions to direct the district court to vacate its preliminary injunctions as moot); *Alvarado*, 2023 WL 7125168, at *1 (vacating district court's orders denying preliminary injunction, dismissing complaint, and denying reconsideration; and directing the district court to dismiss case as moot); *Short*, 2023 WL 2258384, at *1 (vacating district court's orders denying preliminary injunction and dismissing case; remanding for further proceedings

consistent with the order); *Navy SEAL 1*, 2023 WL 2482927, at *1 (same); *see also Biden v. Feds for Medical Freedom*, No. 23-60, 2023 WL 8531839, at *1 (S. Ct. Dec. 11, 2023) (vacating Fifth Circuit's judgment in case involving the federal employee vaccination requirement and remanding with instructions to direct the district court to vacate its preliminary injunction as moot); *Louisiana v. Becerra*, No. 22-30748, 2023 WL 8368874, at *1 (5th Cir. Aug. 29, 2023) (vacating district court's permanent injunction in case involving the Head Start vaccination requirement); *Livingston Educ. Serv. Agency v. Becerra*, No. 22-1257, 2023 WL 4249469, at *1 (6th Cir. June 29, 2023) (vacating district court's order denying preliminary injunction and motion's panel denying interim relief in case involving the Head Start vaccination requirement; directing district court to dismiss case as moot).

8. Plaintiff's position on the requested relief is as follows: "Air Force Officer consents to the dismissal of the appeal with all costs to be paid by defendants, but does not consent to an order directing the district court to vacate the preliminary injunction."

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Sarah J. Clark*
SARAH J. CLARK
202-305-8727
Attorneys, Appellate Staff
Civil Division, Room 7216
Department of Justice
950 Pennsylvania Ave. NW
Washington DC, 20530

FEBRUARY 2024

**CERTICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,128 words, according to the count of Word for Microsoft 365.

                                                */s/ Sarah J. Clark*
                                                SARAH J. CLARK

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I electronically filed the foregoing through the appellate CM/ECF system. Service was accomplished on registered counsel through the CM/ECF system.

<i>/s/ Sarah J. Clark</i><br>
SARAH J. CLARK